*190
 
 Taft, J.,
 

 dissenting. A reading of the petition discloses that plaintiff does not complain about anything which defendant did; that plaintiff’s only complaint is based solely on the failure of defendant to settle the Reeder claim against plaintiff.
 

 Even if the defendant’s failure to settle that claim did cause a loss to plaintiff, plaintiff should not recover unless defendant owed plaintiff some obligation to settle that claim.
 

 Apart from the insurance contract, defendant obviously had no obligation to settle that claim. Any obligation to do so must arise from-the provisions of that contract.
 

 Nowhere in the contract does defendant agree to settle any claim. Defendant does agree to pay within policy limits certain liabilities of plaintiff; and agrees to defend on behalf of the insured certain specified suits. The policy does give defendant the right to settle or negotiate for settlement. However, nothing in the policy provides against or limits the right of plaintiff to compromise the
 
 uninsured
 
 portion of his liability — that is, the portion above the policy limits.
 

 There are no allegations as to representations by defendant or the concealment of facts which defendant should have disclosed. There are no allegations that defendant did or failed to do anything which prevented plaintiff from compromising, or induced him not to compromise, the uninsured portion of his liability.
 

 Plaintiff paid for a policy giving him the minimum protection against liability which the law required him to carry. He could have purchased greater protection if he had been willing to pay a higher premium.
 

 If, as plaintiff alleges, it appeared that a judgment against him “would probably be in an amount considerably in excess of * * * policy limits,” then plain
 
 *191
 
 tiff had a probable uninsured liability in a substantial amount. He had not paid for protection against such liability except to the extent that defendant’s agreement to defend might provide such protection. It does not appear that plaintiff ever expressed any willingness to pay anything toward compromising this uninsured portion of what he characterizes as “probable” liability until after defendant declined to settle. Now plaintiff seeks to collect from defendant what it cost plaintiff to compromise the
 
 uninsured
 
 portion of his liability after defendant has paid in full and with interest the insured portion.
 

 Stewart, J., concurs in the foregoing dissenting opinion.